ALBERT J. BOYLE *v.* H. D. SIEGELE, *et al.*

(No. 8907)

Submitted September 7, 1939. Decided October 17, 1939.

*J. O. Henson* and *Philip W. Amram, Wolf, Block, Schorr & Solis-Cohen,* of counsel, for appellants.

*James M. Mason, Jr.,* and *Harry H. Byrer,* for appellee Albert J. Boyle.

KENNA, JUDGE:

On October 17, 1938, Albert J. Boyle filed his bill of complaint in the Circuit Court of Jefferson County against H. D. Siegele, R. S. Kauffman, G. K. Wysong, George M. Beltzhoover, Jr., and the Charles Town Jockey Club, Inc., seeking to enjoin the four individual defendants, directors of the named corporation, from issuing the common stock of the Charles Town Jockey Club, Inc., in accordance with the terms of a resolution adopted at a directors' meeting held on October 14, 1938. Upon the filing of the bill of complaint, a temporary injunction was awarded. On January 5, 1939, the defendants, Siegele, Kauffman and Wysong, tendered their joint and separate answer which was filed. In addition, they filed the supporting affidavit of H. D. Siegele and moved the court to enter

an order restraining all of the parties from changing the *status quo ante* of the Charles Town Jockey Club or disposing of its funds except in the ordinary course of corporate business. The court being of the opinion that there had not been sufficient notice given of the motion, continued further hearing to January 7, 1939, at Martinsburg. On January 7, 1939, complainant tendered his written demurrer to the answer of the defendants, Siegele, Kauffman and Wysong, which was ordered to be filed, and having been considered by the court was sustained, leave being granted to file an amended answer not later than the first day of the next term, January 17, 1939. In the same order the court denied the motion made on January 5, 1939, for a restraining order as prayed for in the answer that day filed. On January 17, 1939, the defendants who had demurred to the bill of complaint informed the court that they did not care to amend their answer, and, the demurrer to it having been sustained, it was stricken from the record, the court declining the motion made by the respondents to certify his ruling to this Court. The cause, having been regularly matured, thereupon came on to be heard, and over the objection of the defendants, Siegele, Kauffman and Wysong, a final decree was entered perpetuating the injunction. This decree does not mention the prayer of the bill seeking the removal of the named directors. This appeal was granted upon the petition of Siegele, Kauffman and Wysong. Beltzhoover has not appeared.

It will be observed from the foregoing recitals that there are two questions before the Court at the present time: (1) The sufficiency of the bill of complaint, and (2) whether or not the answer denies any of its material averments or sets up any adequate new matter by way of defense.

From the allegations of the bill, it appears that at a directors' meeting on October 14, 1938, attended by all five of the directors, three of whom, Siegele, Kauffman and Beltzhoover, were not stockholders in the corporation, and all of whom with the single exception of Boyle,

represented creditors and bondholders, a resolution was adopted providing that at a price of one dollar a share, the entire authorized common stock of the corporation excepting four qualifying shares issued to the incorporators, consisting of nine thousand, nine hundred ninety-six shares, be offered to the following persons in the following amounts: Corinne Mason, two thousand shares; the Charles Town Horse Show Association, nineteen hundred and ninety-nine shares; the mechanic's lien creditors, four thousand shares; and to Boyle, nineteen hundred ninety-seven shares; the total amount of money to be received by Charles Town Jockey Club, Inc., for what, in a practical sense, may be referred to as its entire common stock, being nine thousand, nine hundred ninety-six dollars. The bill goes on to allege that the net assets of Charles Town Jockey Club, Inc., amount to a minimum of one hundred seventy-five thousand dollars; that the defendant Wysong represents the Charles Town Horse Show Association, and that both Kauffman and Siegele represent the holders of Class "C" bonds or mechanic's lien creditors; and that the course it is their purpose to pursue under the resolution adopted at the directors' meeting on October 14, 1938, amounts to an overt act pursuant to a fraudulent conspiracy between Siegele, Kauffman and Wysong, along with the president and other officers of Belmont Iron Works. The bill further alleges that the stock which the resolution of the directors offers to issue to the persons named in that resolution is involved in two cases pending in the Circuit Court of Jefferson County, the one being a cross-bill filed by the receiver for the Eastern Engineers in a chancery proceeding brought by Belmont Iron Works and others against Albert J. Boyle and others which is now pending in that court, and the other proceeding being one in that court in which Albert J. Boyle is plaintiff and George M. Beltzhoover, Jr., and Charles Town Jockey Club are defendants. The bill of complaint furthermore contains an averment that in the chancery cause now pending in the Circuit Court of Jefferson County and heretofore appealed

to this Court wherein the Belmont Iron Works and others are plaintiffs, and Albert J. Boyle and others are defendants, the plaintiffs sought to have the common stock of the Charles Town Jockey Club, Inc., issued to them and certain others designated as mechanic lien creditors of the Jockey Club, by virtue of the terms of the contract of October 15, 1934; that in that cause Corinne R. Mason and certain mechanic lien creditors who were made defendants repudiated the bill's allegations and renounced the contention that they were entitled to any part of the capital stock of the Jockey Club, and the bill and amended bill of complaint having been dismissed by the Circuit Court of Jefferson County, that holding was by this Court affirmed; that all of the bonds issued to the lien creditors of the Charles Town Jockey Club, Inc., in payment of their debts under the provisions of the contract of October 15, 1934, had been paid with the exception of approximately ten thousand dollars par value of the Class "C" bonds, payment of which has been offered and refused by the holders, among whom are the Belmont Iron Works and Sillik, who refused payment in order to carry out the fraudulent conspiracy set out in the bill.

The opinion of this Court, handed down June 28, 1938, in the cause of *Belmont Iron Works* v. *Boyle,* 120 W. Va. 339, 198 S. E. 527, contains the following language: "In our opinion, the chancellor was plainly right in his view that the written contract of October 15, 1934, was the repository of the arrangement between the parties thereto. No word nor phrase of that instrument says or indicates that the Class 'C' bondholders were to be the stockholders of the corporation."

The resolution of the directors, the carrying out of the provisions of which is sought to be inhibited in this cause, contains the following language: "WHEREAS, certain litigation has just been completed in the Supreme Court of West Virginia, as a result of which it appears that 9996 shares of the common stock of this corporation of the par value of $1.00 per share have not as yet been is-

sued and are entitled to be subscribed for on some equitable basis by those parties who participated in the formation of this corporation."

Since the persons named in that resolution as being entitled to subscribe to the common stock of the Charles Town Jockey Club, Inc., at a price of one dollar per share (Corinne R. Mason, who had repudiated her right to that stock; Charles Town Horse Show Association, whose rights stood upon the same basis under the contract of October 15, 1934; Albert J. Boyle, complainant here; and the mechanic's lien creditors specified under that agreement as Class "C" bondholders) are either the same persons, or persons whose rights to the common stock of that corporation are determined by the same instrument as the right of the persons referred to in the opinion of this Court, we are of the opinion that for all practical purposes this controversy has already been passed upon, and, making every due allowance for the heat of litigable controversy, we feel that the propriety of raising substantially the same questions that the opinion of this Court had already dealt with in the manner set up in the bill of complaint herein filed, can be justified only by regarding the questions here presented as being not technically *res adjudicata.*

The bill of complaint is quite lengthy, and for that reason its detailed allegations will not be referred to further. However, we think it clearly charges a fraudulent conspiracy and clearly alleges an intended unlawful course of conduct that should be enjoined as an intended fraud and as being a mal-performance of the directors' fiduciary duties.

The answer filed by the appellants, to which the trial chancellor sustained a demurrer and which they declined to amend, occupies more than seventeen printed pages in this record. It has been carefully examined. It admits that the complainant, Albert J. Boyle, was one of the incorporators of Charles Town Jockey Club, Inc., and is the holder of two of the four qualifying shares, and that he is also its president and general manager; that

at the first stockholders' meeting, pursuant to the provisions of the contract dated October 15, 1934, H. D. Siegele was designated as one of the directors by Belmont Iron Works, R. S. Kauffman was designated by George E. Sillik, G. K. Wysong was designated by Charles Town Horse Show Association, and George M. Beltzhoover, Jr., was designated by Corinne M. Mason, and that Boyle was named a director without designation. The answer contains no allegations of common stock of the company issued and outstanding other than the qualifying shares. The answer does not deny the allegations of the bill as to the resolution adopted by the directors October 14, 1938, authorizing the issuance of nine thousand, nine hundred ninety-six shares of the common stock of the Charles Town Jockey Club, Inc., for one dollar a share, and contains an affirmative allegation that all of the stock of that corporation is worth several hundred thousand dollars. Much of the detail in the allegations of the answer is taken up with alleging fraudulent contrivances that we do not believe are germane to the questions now before the Court. They have to do mainly with what are alleged to be false minutes of the organization meeting of the stockholders on November 7, 1934, set up as an exhibit with the complainant's bill of complaint, and with a gentleman's understanding that defendants allege was violated by complainant at the directors' meeting of October 14, 1938. Along with these allegations are allegations concerning the respondents' belief as to what was adjudicated in this Court's opinion in the *Belmont* case.

The *Belmont* case involved the right of the holders of Class "C" bonds to have the common stock of the Jockey Club issued to them by virtue of the terms of the contract of October 15, 1934. We do not know of any other way in which the creditors of the Jockey Club may have acquired a right to its stock than under the terms of that agreement. In construing those terms as applicable to Class "C" bondholders, Judge Maxwell, speaking for the Court, had this to say: "No word nor phrase of that instrument says or indicates that Class 'C' bondholders

were to be the stockholders of the corporation. Not only so, but certain phraseology of the contract seems expressly to negative the idea that the holders of the mechanic's liens (later Class 'C' bondholders) should become the stockholders of the corporation after the discharge of bonds of Classes 'A' and 'B'." They were not inhibited from becoming stockholders in the corporation, but so far as *their right as creditors* under the terms of the contract of October 15, 1934, to become stockholders, the rights of Class "C" bondholders were plainly adjudicated. We are unaware of any distinction between their rights to acquire stock in the company and the rights of Classes "A" and "B" bondholders under the same paper.

The matters in controversy are subdivided to such an extent by the new matter alleged in this answer that it is not possible to discuss them in detail. Our opinion may be summed up by saying that we do not regard the answer as denying and putting in issue any of the material averments of the bill of complaint, and that its allegations of additional circumstances are entirely ungermane.

We believe that the bill sufficiently alleges a fraudulent conspiracy to sell the corporate stock of the Charles Town Jockey Club, Inc., for less than one-fifteenth of its value. For the stated reason, we regard the answer as insufficient.

The question of removing the directors, we think, is not before this Court because the trial chancellor's final order did not deal with it, and we have no cross-assignment of error for that omission. Based upon that premise, we do not believe that upon any of the assigned grounds there is apparent error in the final order.

*Affirmed.*